NO. 07-08-0174-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 19, 2008
_____

JAY GID BRYAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 14776-0301; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant Jay Gid Bryan has filed a notice of appeal from the trial court's judgment adjudicating him guilty of endangering a child,[1] revoking his community supervision and sentencing him to two years confinement in the State Jail Division of the Texas Department of Criminal Justice. The reporter's record and clerk's record have been filed. Appellant's

---

[1] *See* Tex. Penal Code Ann. § 22.041(c) (Vernon 2007). This offense is a state jail felony, punishable by confinement in a state jail for any term of not more than two years or less than 180 days and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.35 (Vernon 2007).

brief was due to be filed on June 20, 2008, but has not yet been filed. Further, no motion for extension of time has been filed.

By letter dated July 3, 2008, this Court notified appellant's retained attorney of the failure and also explained that if no response was received by July 14, 2008, the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. On July 8, 2008, we received a document entitled "Notice of Nonrepresentation" in which counsel states he represented appellant at a motion to proceed but was never retained to represent him on appeal. Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rules 38.8(b)(2) and (3). On remand, the trial court shall utilize whatever means necessary to determine the following:

1. Whether appellant truly desires to prosecute the appeal; and
2. Whether appellant is indigent and entitled to appointed counsel.

Should it be determined that appellant does want to continue the appeal and is indigent, and that counsel should be appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in an order. If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing, if any, shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by September 19, 2008.

2

It is so ordered.

Per Curiam

Do not publish.

3